**The OHIO RIVER COMPANY, a corporation, Petitioner,**

v.

**The CITY OF WHEELING, a Municipal Corporation, Respondent.**

No. 1–64–W.

United States District Court
N. D. West Virginia,
at Wheeling.

Jan. 24, 1964.

Thomas B. Miller, Arthur M. Recht, Wheeling, W. Va., for petitioner.

George G. Bailey, Charles P. Mead, Wheeling, W. Va., for respondent.

CHARLES F. PAUL, Chief Judge.

On March 6, 1963, when the Ohio River was in flood, a public parking garage owned by the City of Wheeling was damaged extensively when a supporting pier was struck by a coal barge or coal barges drifting, out of control, in the swift flowing current of the swollen stream. The garage building was located beside the river and above its normal banks. The barge or barges had been part of a tow of sixteen such barges proceeding up river in the charge of a motor tow vessel. The flotilla of barges and the motor tow vessel were under bare-boat charter to The Ohio River Company and the Captain and entire crew were employees of that Company.

By letter dated and mailed April 9, 1963, the City of Wheeling notified The Ohio River Company that it would look to that Company in damages for the injury to the structure and the loss of business consequent thereto, on the grounds that the negligence of the Captain and crew was responsible for the loss of control over the barge or barges which collided with the structure. Following receipt of the notice, The Ohio River Company took no affirmative action and, on September 19, 1963, the City of Wheeling filed a complaint in the Circuit Court of Ohio County, West Virginia, to recover damages in the amount of $60,000.00. It was not until November 11, 1963, that The Ohio River Company filed its answer admitting that it had exclusive possession and control of the motor vessel and of the sixteen barges, denying negligence and liability, and, in the alternative, moving that, if liability be determined, the damages be limited by the court to the value of the barge.

On hearing on the motion, the court noted the City's resistance and defined three issues: Whether The Ohio River Company is entitled to assert a limitation

of liability under 46 U.S.C.A. § 183 in the State proceeding; whether the six-month period of limitation, as set out in 46 U.S.C.A. § 185, is a bar to the assertion of the defense of limitation of liability in the State proceeding; and if the right to limit liability be determined, the measure of value in the limitation proceeding. The court then ordered briefs to be filed on the issues of law.

On January 3, 1964, The Ohio River Company filed in this court a pleading entitled "Complaint", in which it asked this court to take jurisdiction of all questions involving the limitation of liability defense, and by preliminary injunction, followed by permanent injunction, to stay and enjoin proceedings in the State court having to do with the limitation of liability defense. The City filed a motion for summary judgment. Upon hearing, held January 15, 1964, upon the motion for preliminary injunction and the motion for summary judgment, this court noted and ordered as follows:

"While the complaint apparently seeks to invoke the equity powers of this court for the purpose of securing injunctions, it is apparent that the applied-for injunctions are ancillary to the real relief sought, which is the determination of the right of The Ohio River Company, as a vessel owner or charterer, to a limitation of liability, and for the determination of the amount of such limitation, if any. It appears, therefore, that the action is properly one in admiralty, and it is ORDERED that this cause be transferred to the admiralty docket."

The court then requested briefs. The briefs having been furnished, both motions are ripe for decision.

It is clear that the initial pleading filed by The Ohio River Company is deficient as a "Petition" authorized by Title 46 U.S.C.A. § 185 in several respects. No deposit or stipulation was filed with the pleading nor has any vessel been trusteed. More importantly, the pleading comes too late to be considered as

such a petition. No authority, either statutory or under the admiralty rules, is cited for the attempted method of invoking the jurisdiction of this court, sitting in admiralty, in a limitation of liability proceeding; nor has counsel cited any precedent for this manner of procedure.

Petitioner's counsel contend, however, that the substantive right to limitation of liability is conferred by Title 46 U.S.C.A. § 183(a); that there is no time limitation in that section upon the right to assert that substantive right; and they cite Deep Sea Tankers, Limited v. The Long Branch (2 Cir.), 258 F.2d 757 (1958). They further argue that, since Deep Sea Tankers has established that the right may be asserted by answer to a libel in admiralty, the right to raise the defense by answer should subsist no matter how or where the vessel owner is attacked; that they asserted the defense by answer in the State court proceeding; that the claimant's failure to agree the right did subsist and to agree upon the amount thereof, ousted the State court's jurisdiction to entertain the disputed questions, since they are within the exclusive purview of the court of admiralty (citing Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932)).

Arguing from these premises, counsel contend that, since they have a subsisting substantive right and that right is cognizable only in admiralty, the admiralty court ought to find some way to entertain and enforce the right.

■ It is noteworthy that the Supreme Court has never passed upon the meaning or application of the six-months limitation of time inserted in Section 185 by the 1936 Amendment. As a matter of first impression, this court would be inclined to rule that Sections 183 through 189, all of which concern the limitation of liability defense, should be read in *pari materia* and that the six-months time limitation should be applied to any method of asserting the Section 183 right. In the first place, limitation of liability, a statutory creature peculiar to admiralty, is in derogation of the com-

mon law doctrine of *respondeat superior*. It was enacted in the infancy of the American Merchant Marine for the avowed purpose of encouraging the investment of capital in our Merchant Marine by putting it on more equal footing in competition with foreign vessels. The rationale never applied to our inland waterways, where there is no foreign competition, although I recognize that it is of general admiralty application. By reason of the extension of admiralty jurisdiction by the "Shore Damage Act", 46 U.S.C.A. § 740, it even applies to non-maritime torts such as this.

Recognizing the diminishing value of and justification for limitation of liability, in 1954, Justice Black, in Maryland Casualty Co. v. Cushing, 347 U.S. 409, 437, 74 S.Ct. 608, 623, 98 L.Ed. 806, said:

> "Judicial expansion of the Limited Liability Act at this date seems especially inappropriate. Many of the conditions in the shipping industry which induced the 1851 Congress to pass the Act no longer prevail. And later Congresses, when they wished to aid shipping, provided subsidies paid out of the public treasury rather than subsidies paid by injured persons."

In spite of these considerations, the Congress has not seen fit to repeal or substantially to change the Act. The 1936 Amendment took a little of the sting out of the Act to alleviate the unfair practices which had grown up of vessel owners waiting until the last possible moment to make even partial restitution to damaged libellants.

While disagreeing with Deep Sea Tankers and the cases which follow the doctrine expressed therein, I recognize it as persuasive, if not binding, authority. I am disposed, however, to limit its doctrine to its factual situation—permitting the invocation of the Act as a *defense* in an action in the Federal court having admiralty jurisdiction—not to extend it to the situation where an affirmative petition is filed beyond the six-months period.

So to extend the doctrine of Deep Sea Tankers to permit the affirmative invocation of limited liability by the anomalous pleading here filed, would completely nullify the time limitation of Section 185. While the pleading here is not designated as a Section 185 petition, and does not conform to its requirements, its main purpose is precisely that for which a Section 185 petition is designed and to which Admiralty Rules 51 through 55 apply. It is simply a rose by another name.

The preliminary injunction may be denied; summary judgment rendered for the City of Wheeling, and the cause dismissed, with costs.