**CINCINNATI GAS & ELECTRIC CO., owner of M/V REDDY KILOWATT, Plaintiff-Appellant,**

v.

**Patricia ABEL, d/b/a New Richmond Boating Center, Defendant-Appellee.**

No. 75–2100.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 13, 1976.

Decided April 16, 1976.

James L. O'Connell, Lindhorst & Dreidame, Cincinnati, Ohio, for plaintiff-appellant.

Philip J. Schneider, Cincinnati, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

This is an admiralty case. May a shipowner who has been sued in a state court for damages arising out of the operation of his vessel on navigable waters rely on a defense of limitation of liability under 46 U.S.C. § 183(a) pled in his answer in the state court proceedings or must he file a petition for limitation in a federal district court within six months after receiving notice of a claim as provided in 46 U.S.C. § 185? This is the only question presented by this appeal.

FACTS AND COURT PROCEEDINGS

The tugboat "Reddy Kilowatt," owned by Cincinnati Gas & Electric Company (CGE),

collided with a marina on the Ohio River owned by Patricia Abel, d/b/a New Richmond Boating Center (Abel), on July 7, 1972. On January 30, 1974 Abel wrote CGE demanding payment for the damage to the marina and consequential damages alleged to have resulted from the negligent operation of CGE's vessel. On May 7, 1974 Abel filed an action in the Court of Common Pleas of Hamilton County, Ohio seeking $435,000 from CGE for injury to its marina, loss of profits and other damages. A jury trial was demanded. In its answer, filed on June 19, 1974, CGE pled, *inter alia,* that the value of its tugboat was $52,500 and "[i]n the event this answering defendant shall be held liable for all or any part of any loss and damage claimed by the plaintiff in her complaint, this answering defendant, as owner of the M/V Reddy Kilowatt, claims the benefit of limitation of liability as provided for in Sections 4281, 4282, 4283, 4284 and 4285 of the Revised Statutes of the United States (46 U.S.C. §§ 181–185), and the various statutes supplementary thereto and amendatory thereof."

CGE made a motion for partial summary judgment limiting its liability to $52,500, citing 46 U.S.C. § 183(a).[1] Abel opposed this motion on the ground that material issues of fact existed as to the privity or knowledge of the owner, the care exercised in choice of the master and crew and whether the limitation doctrine applies to consequential damages. By a supplemental memorandum Abel opposed the motion for summary judgment on the ground that CGE had failed to comply with the terms of 46 U.S.C. § 185[2] which provides that a shipowner may seek limitation of liability by filing a petition in the proper federal district court within six months after written notice of a claim. On November 5, 1974 CGE made a motion for stay of all proceedings in the state court "until such time as the movant shall have had an opportunity to have invoked the jurisdiction of the United States District Court for the Southern District of Ohio for a determination of such right and that Court shall have relinquished jurisdiction of these proceedings."

Though Abel agreed that the state court was without jurisdiction to decide the pure admiralty issue[3] of CGE's right to limited liability, she opposed the motion on the ground that a petition in the district court at that time was barred by the six months provision of Section 185. The Court of Common Pleas entered an order denying summary judgment and granting a stay for 30 days for CGE to file a proceeding in the district court. On December 3, 1974 CGE filed a complaint in the district court seeking exoneration from, or limitation of, liability together with a stipulation (bond) for $52,500, interest and costs. Abel pled the six months requirement of 46 U.S.C. § 185 as a complete bar to CGE's action. Follow-

---

1. § 183.

    (a) The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

2. § 185.

    The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a)

shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease. R.S. § 4285; June 5, 1936, c. 521, § 3, 49 Stat. 1480.

3. *See United States v. Peters,* 9 U.S. (5 Cranch) 115 (1809).

ing briefing the district court granted summary judgment to Abel and dismissed CGE's complaint.

### THE LEGAL ISSUE

Prior to 1936 a vessel owner could seek limitation of liability at any time, even by instituting an independent proceeding for this purpose after the issue of liability had been decided adversely to him. *See Deep Sea Tankers v. The Long Branch,* 258 F.2d 757, 772 (2d Cir. 1958), *cert. denied,* 358 U.S. 933, 79 S.Ct. 316, 3 L.Ed.2d 305 (1959). Congress amended Section 185 in 1936 to provide, *inter alia,* that such a petition must be filed within six months after written notice of a claim. Though the statute uses the word "may," it has been held to mean "must" in the sense that an owner may file such proceedings within six months or not at all. *Petition of American M. A. R. C., Inc.,* 224 F.Supp. 573, 574 (S.D.Calif.1963). After considering the legislative history of the 1936 amendment the court concluded in *The Grasselli,* 20 F.Supp. 394, 395 (S.D.N.Y. 1937), that the purpose of the six months limitation in Section 185 was "to cut down the rights and privileges of the ship owner." In *Petition of Goulandris,* 50 F.Supp. 452 (S.D.N.Y.1943), *aff'd,* 140 F.2d 780 (2d Cir.), *cert. denied,* 322 U.S. 755, 64 S.Ct. 1268, 88 L.Ed. 1584 (1944), it was held that since a proceeding under Section 185 is purely statutory one who seeks to avail himself of its benefits must comply fully with its terms. The requirement that a petition under Section 185 be filed within six months of notice has been held to be a condition precedent which must be met in order for an admiralty court to have jurisdiction of a limitation proceeding. *The Maine,* 28 F.Supp. 578, 582 (D.Md.1939), *aff'd. sub nom. Standard Wholesale P. & A. Works v. Travelers Insurance Co.,* 107 F.2d 373 (4th Cir. 1939).

CGE does not quarrel with any of these propositions. It maintains, however, that by raising the defense of limitation of liability in its timely answer in the state court it relied on the grant of limitation in 46 U.S.C. § 183(a) which has no time limit. It only filed the complaint in the district court after Abel had contested its right to limita-

tion and raised an issue outside the jurisdiction of the state court. It has long been recognized that limitation of liability may be invoked by a shipowner either as a defense in an action seeking damages or by an independent petition in admiralty. *Deep Sea Tankers v. The Long Branch, supra,* 258 F.2d at 772.

In *Langnes v. Green,* 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931), the Supreme Court held that a state court was competent to render relief by way of limitation of liability if the claimant, an injured seaman, did not contest the right of the shipowner to limit its liability. The shipowner had filed an independent federal court proceeding after the claimant had sued for damages in a state court. The Supreme Court directed that proceedings go forward in the state court, with the federal court retaining the petition for limitation as a matter of precaution, to be acted upon only if the claimant should bring into question the owner's right to limitation. The Court quoted from *The Lotta,* 150 F. 219 (D.S.C. 1907), as follows:

> The owner of the vessel, therefore, can by answer in the state court set up as a defense that he is not liable beyond the value of the vessel  . . .. 282 U.S. at 543, 51 S.Ct. at 247, 75 L.Ed. at 527.

Subsequently, the claimant in *Langnes v. Green, supra,* did contest the right of the owner to limit its liability and the Supreme Court held that the federal court was "authorized to resume jurisdiction and dispose of the whole case." *Ex Parte Green,* 286 U.S. 437, 440, 52 S.Ct. 602, 603, 76 L.Ed. 1212, 1214 (1932).

The *Green* cases established that a shipowner may obtain the advantage of Section 183(a) by proper pleading in a state court, at least in situations such as the present one where there is only one claimant. *See also Carlisle Packing Co. v. Sandanger,* 259 U.S. 255, 260, 42 S.Ct. 475, 477, 66 L.Ed. 927, 930 (1922). However, these cases were not concerned with the six months requirement of Section 185 since they were decided prior to the 1936 amendments to the Limited Liability Act.

In *The Chickie,* 141 F.2d 80 (3d Cir. 1944), the court considered the question of whether the six months limitation period of Section 185 governs a claim for limitation of liability asserted by way of an answer. Finding that two methods of obtaining limited liability had always been available, the court concluded that the time limitation of Section 185 should not be read into Section 183(a). The court stated—

> The 1936 Amendments did not abolish the right of a ship owner to plead limitation in his answer; both methods are still available thereunder. What may be termed the substantive section of the statute, § 3 of the 1851 Act, which gave the ship owner the defense of limitation of liability, is still in force, without any express time limitation · in it. See § 183(a). The six months limitation was inserted only in what may be called the procedural section, § 185.

141 F.2d at 85. (footnote omitted).

The Second Circuit followed the ruling of *The Chickie* in its decision in *Deep Sea Tankers v. The Long Branch, supra,* noting that the abuses at which the 1936 amendments were directed "are not encountered when limitation is pleaded by way of answer, because the libelant, by filing its libel, controls the time within which the remedy must be invoked." 258 F.2d at 772–73.

Abel contends that both *The Chickie* and *Deep Sea Tankers* are distinguishable because in both cases the claimants brought admiralty actions in federal courts and the answers containing the pleas of limited liability were filed there, not in state courts. We have been cited to, and have found no case decided since the effective date of the 1936 amendments which holds that an answer containing a plea of limited liability which is filed in a state court satisfies the requirements of Section 185. CGE cites *Murray v. New York Central R. R. Co.,* 287 F.2d 152 (2d Cir.), *cert. denied,* 366 U.S. 945, 81 S.Ct. 1674, 6 L.Ed.2d 856 (1961), in which a deckhand brought a civil suit in federal court, rather than an admiralty action, to recover for personal injuries suffered aboard a barge which was being maneuvered by the defendant's tug. In its answer, which was filed more than six months after notice of the claim, the owner of the tug claimed the right to limit its liability under Section 183(a). The court held that the six months provision of Section 185 did not apply since the issue of limitation of liability was raised by answer. The court found that it was immaterial whether the original claim was filed on the "admiralty side" or the "civil side" of the court. Holding that the owner was not required under these circumstances to file an independent action under Section 185 the court stated "[t]he rule for which appellant contends disregards the desirability of one trial only, where all rights can be fairly decided in a single legal proceeding." *Id.* at 153.

We find *Murray* to be persuasive, but not conclusive. The court noted that though the claimant's primary cause of action was a Jones Act claim, by including a claim for maintenance he had invoked the admiralty jurisdiction of the district court. Thus the case was already on the "admiralty side" with respect to one of its claims before the petition for limited liability was filed. Furthermore, the entire case was before the district court from its inception. It is apparent that there is a difference, in terms of jurisdictional considerations, between transferring an issue for separate trial from one division or "side" of a single court and transferring it for separate trial in an entirely different court system. This is the jurisdictional obstacle which the district court found impassable in this case, as did the court in *Ohio River Co. v. City of Wheeling,* 225 F.Supp. 733 (N.D.W.Va. 1964). We note also that the strongest argument in *Murray* related to the desirability of disposing of all issues in a single legal proceeding. This may be achieved in a case such as this one only in a federal court. When the right to limited liability is contested it becomes impossible to dispose of all the issues in a single proceeding in a state court.

While conceding that Abel's action could not have been removed to a federal court

because of the "savings to suitors" clause of 28 U.S.C. § 1333 [4] and that there is no procedure for transferring an issue from a state to a federal court, CGE argues that the state court "yielded jurisdiction" to the federal court on the issue of limitation of liability. Regardless of how the procedure is described, the fact remains that the state court lost jurisdiction of the limitation of liability issue when the claimant contested the owner's right to avail itself of limitation and only an admiralty court had jurisdiction to decide the issue. Furthermore, the only method available to CGE for invoking that jurisdiction was to follow the procedures prescribed by Section 185 and Supplemental Rule F for Admiralty and Maritime Claims which incorporates the six months requirement of Section 185.

The question presented here is a close one. *See* 3 *Benedict on Admiralty* § 73, at 8–11–14; Gilmore & Black, *The Law of Admiralty* 855 (1975). When a shipowner is faced with a claim or claims in excess of the value of his vessel, the prudent thing for him to do is to file a protective petition in the proper federal court pursuant to Section 185. *See The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 19–20 n. 20, 92 S.Ct. 1907, 1918, 32 L.Ed.2d 513, 525–526 (1972); Gilmore & Black, *supra* at 858–59. A petition for limitation of liability has been described as "an *anticipatory* protective measure to avoid full personal responsibility if liability shall later be imposed." *Petition of United States,* 367 F.2d 505, 508 (3d Cir. 1966), *cert. denied,* 386 U.S. 932, 87 S.Ct. 953, 17 L.Ed.2d 805 (1967) (emphasis added). Prior to the adoption of the 1936 amendments it was not necessary to anticipate the possibility of claims exceeding the value of the vessel; it was sufficient to raise the issue after judgment. Now, however, an owner who receives a notice of a claim acts at his peril if he fails to file a petition for limitation in a federal court within six months. Having done this, if he is then sued in the

district court, he can move for consolidation of the petition for limitation with the damage action. The procedure which the Supreme Court prescribed in *Langnes v. Green, supra,* modified to reflect the six months provision of Section 185, remains the preferred way of dealing with a contested issue of limitation of liability where the case has originated in a state court. At the time the owner files a petition under Section 185 he may make a motion to stay proceedings on his petition until it is determined whether it will be necessary to decide the limitation question. If the right to limitation is not contested in the state court and a final judgment is entered there without the necessity of litigating the limitation issue, the Section 185 proceedings in the district court can then be dismissed. *See Rubenstein v. Bryant,* 522 F.2d 1351 (5th Cir. 1975); *Great Lakes Dredge & Dock Co. v. Lynch,* 173 F.2d 281 (6th Cir. 1949).

Since the purpose of amending Section 185 was to cut down the right of a shipowner to limit his liability, the time limit imposed by the amendments should be strictly enforced. *Cf. Donnelly v. Brown,* 230 F.2d 169 (6th Cir. 1956). Any ambiguity in the amended version of the Limited Liability Act should be resolved in favor of permitting full recoveries and requiring strict adherence to the statutory requisites for limiting liability. *See Maryland Casualty Co. v. Cushing,* 347 U.S. 409, 437, 74 S.Ct. 608, 622, 98 L.Ed. 806, 825 (1954) (Black, J., dissenting); *Petition of Dodge, Inc.,* 282 F.2d 86, 89 (2d Cir. 1960). Knowing of previous decisions permitting the right to limited liability to be raised by answer in state court proceedings, Congress could have provided for the continuance of this procedure with a reasonable time limit. However, both the amendment to Section 185 and Rule F, *supra,* require that a petition be filed in a district court of the United States. Failure to so file within six months of written notice of a claim deprives the vessel

---

4. § 1333.

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all

other remedies to which they are otherwise entitled.

\*　　\*　　\*　　\*　　\*　　\*

owner of the benefits of limitation of liability.

The judgment of the district court is affirmed.