**·PATTI J. SIMMONS, Plaintiff**

**v.**

**CATAMARAN CRUISES, INC., Defendant**

Civil No. 78-186

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 22, 1980

JOHN R. MAYER, ESQ. (GRUNERT, STOUT, HYMES, MAYER & SMOCK), St. Thomas, V.I., *for plaintiff*

GEOFFREY W. BARNARD, ESQ. (ISHERWOOD, COLIANNI, ALKON & BARNARD), Christiansted, St. Croix, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

On December 15, 1977, in the waters surrounding St. Thomas, Virgin Islands, plaintiff, Patti Simmons, was injured while aboard the Ho-Tei as a paying passenger. Plaintiff alleges that her injuries were proximately caused by defendant's[1] negligent acts in the maintenance and operation of the boat.

Presently this case is before the Court on motions by defendant, (a) to amend its answer, and (b) to strike plaintiff's second cause of action for failure to state a claim. Fed. R. Civ. P. 15(a), 12(b)(6). The motions will be granted.

### Motion To Amend

Defendant wishes to amend its answer, virtually on the eve of trial, to add the affirmative defense of Limitation of Vessel Owner's Liability, 46 U.S.C. § 181 et seq. (1976). Plaintiff opposes the motion on two grounds: (1) the undue delay in raising the limitation defense and (2) the unavailability of the Limitation of Liability Act in this action.

██ Fed. R. Civ. P. 15(a) provides that leave to amend should be freely given when justice so requires. However, amendments should not be allowed where so doing would cause prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). While plaintiff asserts that defendant was either "playing some sort of sporting game" or ill prepared in seeking to amend at the eleventh hour, she has failed to show how she will be prejudiced. We foresee no prejudice to plaintiff in granting defendant leave to amend. See

---

[1] Defendant, Catamaran Cruises, Inc., is the owner of the Ho-Tei.

Seifert v. Salem, 387 F.2d 925, 929 (7th Cir. 1967) (allowing an amendment the first day of trial to include additional damages).

Further, plaintiff asserts the Limitation of Liability Act[2] cannot be invoked by pleading its provisions as a defense in this action. Plaintiff relies heavily on Cincinnati Gas & Electric Co. v. Abel, 533 F.2d 1001 (6th Cir. 1976).

In Cincinnati Gas the sole issue before the court was whether a defendant in a state court action could plead 46 U.S.C. § 183(a) in his answer or should he be made to file a petition in federal court within six months of receiving notice of the claim pursuant to 46 U.S.C. § 185.[3] Plaintiff asserts that the six month limitation should apply to the provisions of § 183(a) as well.

██ It is well settled that a ship owner can plead the Limitation of Liability Act as an affirmative defense. Deep Sea Tankers v. The Long Branch, 258 F.2d 757, 772 (2d Cir. 1958); The Chickie, 141 F.2d 80 (3d Cir. 1944). It is also firmly established in this circuit that the time limitations imposed by 46 U.S.C. § 185 do not apply to 46 U.S.C. § 183(a). The Chickie, 141 F.2d at 84, 85.

Therefore defendant's motion to amend its complaint will be granted.

---

[2] Specifically defendant wishes to plead the limitation provided in 46 U.S.C. § 183(a) (1976). It provides:

(a) The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

[3] § 185. Petition for limitation of liability; deposit of value of interest in court; transfer of interest to trustee

The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease.

## Motion To Strike

■ Plaintiff's second cause of action is based upon the doctrine of seaworthiness.[4] Defendant predicates its motion to strike[5] on the belief that a seaworthiness claim can only apply to persons within the ship's service. Gutierrez v. Waterman S.S. Corp., 373 U.S. 206 (1963); West v. United States, 361 U.S. 118, 120 (1959); Armour v. Gradler, 448 F.Supp. 741 (W.D. Pa. 1978).

Plaintiff asserts that defendant misconstrues the legal basis of Count II of her complaint.

> The claim is not based on unseaworthiness as a form of absolute liability imposed by law on the shipowner without regard to fault; rather it is based on a violation of the implied contractual warranty of seaworthiness between parties to a charter-party which is personal to the shipowner and is not subject to the Limited Liability Act, 46 U.S.C. § 183(a).[6]

We agree with plaintiff that an implied contractual warranty between members of a charter party may give rise to a seaworthiness claim. However such factual conditions do not exist here.

■ Plaintiff was a passenger and not a charter party[7] when aboard the Ho-Tei. While an implied warranty of seaworthiness may be imposed upon the vessel owner in cases concerning crew or cargo it does not extend to passengers. Garrett v. United States Lines, Inc, 574 F.2d 997, 1000 (9th Cir. 1978); 3 Benedict on Admiralty, § 33 (7th ed. 1979), p. 4–13. Therefore no implied warranty of seaworthiness could exist between passenger plaintiff and owner defendant.[8] Plaintiff's second cause of action will be dismissed for failure to state a claim upon which relief may be granted.

---

[4]                                   Count II

   7. Plaintiff's injuries and damages were directly and proximately caused by the defendant's failure to maintain and operate its boat in a seaworthy condition.

[5] Defendant's motion to strike is in effect a motion for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

[6] Simmons v. Catamaran Cruises, Civ. No. 1978/186, plaintiff's opposition to defendant's motion to strike (Jan. 11, 1980).

[7] The term "charter party" denotes the contractual arrangement allowing the charterer to take over the use of the ship from the owner. G. Gilmore, C. Black, The Law of Admiralty (2d ed. 1975).

[8] Plaintiff asserts that it is unjust to impliedly protect cargo but not passengers. See Gibboney v. Wright, 517 F.2d 1054, 1059 (5th Cir. 1975). However, plaintiff overlooks the other remedies available to it like tort liability.

336

Finally, plaintiff and defendant each assert different procedures on how this Court should proceed in determining whether § 183(a) applies. Since we do not face that question until liability has been proven we will reserve judgment until that time.

### ORDER

The premises considered and the Court being advised,

IT IS ORDERED that the motion of defendant to amend its answer be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the motion of defendant to strike plaintiff's second cause of action be, and the same is hereby, GRANTED.