In the Matter of the Complaint of HURLEN CONSTRUCTION COMPANY as Owner of the BARGE H–2 for Exoneration from or Limitation of Liability.

No. C81–1400.

United States District Court, W.D. Washington, at Seattle.

Nov. 10, 1982.

James P. Moynihan of Bergman, Bauer & Moynihan, Seattle, Wash., for petitioner.

Shannon Stafford of Stafford, Frey & Mertel, Seattle, Wash., for claimants Richard P. McGhee and James P. Stevens.

## ORDER

BEEKS, Senior District Judge.

Petitioner, Hurlen Construction Company, employed Richard P. McGhee and James P. Stevens for work involving the BARGE H–2. The vessel is an 85' steel barge equipped with a fixed crane, pile driving equipment, and a skiff.

On February 24, 1981, McGhee and Stevens were working on the barge in Seattle when the boom on the barge's crane collapsed and fell. As a result thereof, McGhee was fatally injured and Stevens suffered personal injuries.

On May 4, 1981, written notice of the claim with respect to the death of Richard P. McGhee was sent by certified mail to Hurlen Marine Construction Company (Hurlen) which received the claim on May 13, 1981.

Subsequently, Donna McGhee, the decedent's wife, and James Stevens sued Hurlen for wrongful death and injury. The complaint was filed on July 31, 1981 in the Western District of Washington and assigned to the Honorable Donald S. Voorhees as No. C81–952V. Defendant Hurlen answered on October 13, 1981 and asserted as one of its affirmative defenses:

Defendant is entitled to limit its liability in accordance with the provisions of 46 U.S.C. 181 *et seq.*

*McGhee v. Hurlen Construction Co.*, Civil No. C81–952V (filed July 31, 1981 W.D. Wash.).

On December 2, 1981, Hurlen filed a separate petition for exoneration from or limitation of liability for any claim arising out of the aforementioned accident. This petition was filed in the Western District of Washington and assigned to this court which issued an injunction restraining the institution or prosecution of any suits against the defendant and BARGE H–2 based upon the said claim. As a result, the proceedings in *McGhee v. Hurlen Construction Company, supra,* were stayed.

In response to the court's monition, Donna McGhee, individually, and as representative of the Estate of Richard P. McGhee, and James P. Stevens, *et ux,* filed claims and answers on May 14, 1982. Simultaneous with their appearance, claimants moved for summary judgment of dismissal on the ground that Hurlen's complaint for limitation was not timely filed.

A party is entitled to summary judgment only if it is shown that there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); *Bueno v. United States,* 687 F.2d 318, 319 (9th Cir.1982). The material facts are not disputed. As indicated by the return receipt of the certified letter, Hurlen received notice of the claim arising out of McGhee's death on May 13, 1981. Hurlen's complaint for limitation of liability was filed on De-

**856**

cember 2, 1981, more than six months after first receiving written notice of McGhee's claim.

A vessel's owner, who desires to limit liability, may elect to proceed on one of two separate courses. Under 46 U.S.C. § 185 (1976), a vessel owner may petition for limitation of liability within six months of written notification to it of a possible claim. Alternatively, under 46 U.S.C. § 183 (1976) limitation may be pleaded as a defense in an answer to an earlier filed damage suit. *Signal Oil & Gas Co. v. Barge W–701,* 654 F.2d 1164, 1173 (5th Cir.1981); *Cincinnati Gas & Electric Co. v. Abel,* 533 F.2d 1001, 1003 (6th Cir.1976); *Deep Sea Tankers v. The LONG BRANCH,* 258 F.2d 757, 772 (2d Cir.1957); *THE CHICKIE,* 141 F.2d 80, 84 (3d Cir.1944). Each course provides a distinct procedure by which a vessel owner may limit liability. *Deep Sea Tankers v. The LONG BRANCH,* 258 F.2d at 772. Which course a vessel owner elects is a question of tactics. *See generally,* G. Gilmore & C. Black, *The Law of Admiralty,* pp. 857–59 (1975). Herein, Hurlen attempted to limit its liability under § 185. To do so, the petition must have been filed within six months of receipt of the written claim. Hurlen concedes the petition was not timely filed but submits that it was "perfecting" its affirmative defense of limitation of liability asserted in plaintiff's action. Notwithstanding petitioner's characterization, this action was in fact filed more than six months after written receipt of McGhee's claim. Accordingly, the claimants are entitled to summary judgment as a matter of law. The court's injunction issued by this court on May 15 is quashed and the case is dismissed.