**In the Matter of the Complaint of Tara A. PINAND, as owner of a 21' 1999 Rivera Cruisers Pontoon Boat for Exoneration from or Limitation of Liability. Petitioner.**

No. 08 CIV.3686 (WGY).

United States District Court, S.D. New York.

July 20, 2009.

Jeffrey Martin Malsch, Pisciotti & Malsch, P.C., White Plains, NY, for petitioner.

Memorandum and Order

WILLIAM G. YOUNG, United States District Judge.[1]

## I. INTRODUCTION

This case arises from an action brought by Angela Norcia ("Norcia") in the Supreme Court for the State of New York, County of Orange against Tara Pinand ("Pinand") and Frank Dieber ("Dieber") for injuries Norcia sustained as a result of a collision between boats owned by Pinand and Dieber. The collision occurred at approximately 1:30 A.M. on June 30, 2007 on a lake in New York; Norcia was aboard Pinand's pontoon boat with Pinand and two other friends when they were struck by Dieber's speed boat. Pinand Statement of Facts [Doc. No. 21 Attach. 1] ¶¶ 5, 8, 11, 16, 18. The boat was being operated by Dieber's adult son Frank Dieber, Jr., who was intoxicated. *Id.* ¶ 16. Norcia was injured, breaking both arms and sustaining multiple lacerations. Norcia's Bill of Particulars [Doc. 19 Attach. 1] at ¶ 8.

Pinand brought the instant petition pursuant to the Limitation of Liability Act, 46 U.S.C. § 30505 et seq. ("the Act"), which protects the right of a vessel owner to limit the liability arising from a collision involving her vessel to the value of that vessel, provided that the claimed damage or injury was done without her "privity or knowledge." 46 U.S.C. § 30505(b). To be eligible for such protection, a vessel owner must file a complaint in the appropriate district court within six months after receipt of a written notice of claim and must deposit with the court a sum equal to the value of the owner's interest in the vessel. *See* Supplemental Admiralty and Maritime Claims Rule F of the Federal Rules of Civil Procedure; *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 453, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001). All claims concerning the vessel must thereafter be filed in federal court, which hears the case without a jury and determines whether the owner is liable and entitled to limit her liability. *Lewis,* 531 U.S. at 448, 121 S.Ct. 993.

## II. ANALYSIS

Norcia asks this Court to dismiss Pinand's complaint as untimely, arguing that

1. Of the District of Massachusetts, sitting by designation.

Pinand failed to file it within six months of receiving written notice of Norcia's claim, as required by the Act. *See* 46 U.S.C. § 30511(a).[2] It is undisputed that Norcia filed her complaint in the Supreme Court for the State of New York on July 31, 2007 and served it on Pinand on August 16, 2007, and that Pinand did not file her petition in this Court until April 17, 2008. Complaint [Doc. No. 1]. Pinand argues, however, that dismissal is improper because: 1) the six month requirement is a statute of limitations that Norcia was required to raise as an affirmative defense in her answer and because she did not, it is waived; and 2) the six month period did not begin to run until Pinand became aware that the alleged damages were greater than the value of her vessel, which, she argues, occurred only when she received Norcia's bill of particulars on January 9, 2008. The Court is not persuaded.

■ While the Second Circuit has not addressed the issue, there is substantial authority for Norcia's contention that the six month requirement is a condition precedent that a vessel owner must plead and prove, without which an admiralty court lacks subject matter jurisdiction. *See Tom–Mac, Inc. v. Biela,* 76 F.3d 678, 682 (5th Cir.1996); *Cincinnati Gas & Elec. Co. v. Abel,* 533 F.2d 1001, 1003 (6th Cir.1976); *In re Waterfront License Corp.,* 231 F.R.D. 693, 696–700 (S.D.Fla.2005.). Because challenges to subject matter jurisdiction need not be raised by answer, Norcia has not waived the issue. *See* Fed. R.Civ.P. 12(h)(3) ("If the court determines

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

■ Pinand's second argument—that the limitations period did not begin to run until she received Norcia's bill of particulars showing that Norcia's claim was greater than the value of the boat—also fails. In the case upon which she relies, *In re Morania Barge No. 190, Inc.,* 690 F.2d 32 (2d Cir.1982), a claimant affirmatively stated in a letter to a vessel owner that his total claim amounted to a figure substantially less than the value of the vessel. More than four years later, on the eve of trial, the claimant moved to amend his complaint and bills of particulars to increase the amount of damages by millions of dollars, so that the amount became greater than the ship's value. The Second Circuit concluded that the six month period did not begin to run until the claimant moved to amend. *Id.* at 35. In this case, in contrast, Norcia's complaint in the New York Supreme Court informed Pinand that Norcia sought damages in excess of the jurisdictional limits of all courts of lesser jurisdiction, which limits exceeded the value of her vessel ($5,440). Pinand Statement of Facts ¶ 29. Moreover, Pinand was present at the collision and observed the severity of Norcia's injuries.[3] *Id.* ¶ 18.

## III. CONCLUSION

Because Pinand failed to file within six months of receiving the written notice of

2. Title 46 U.S.C. § 30511(a) provides: "The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within 6 months after a claimant gives the owner written notice of a claim." The Act applies to pleasure vessels. *See In re Guglielmo,* 897 F.2d 58, 61 (2d Cir.1990) ("We therefore conclude that the

language of the statute and current case law are controlling, and pleasure craft are subject to the Act's limitation on liability.").

3. The Court need not address Pinand's motion to strike Norcia's cross motions and reply brief as untimely, as the Court, sua sponte, may address the issue of subject matter jurisdiction "at any time." Fed.R.Civ.P. 12(h)(3).

claim, her complaint must be, and hereby is, dismissed.

SO ORDERED.