820 F.2d 674
 1987 A.M.C. 2426
 In the Matter of the Complaint of VATICAN SHRIMP COMPANY,
INC., As Owner of the VESSEL VATICAN for
Exoneration from or Limitation of
Liability, Petitioner-Appellant,
v.
Gabriel SOLIS, Respondent-Appellee.
In re VATICAN SHRIMP CO., INC., Petitioner.
Gabriel SOLIS, Plaintiff-Appellee,
v.
VATICAN SHRIMP CO., INC., Defendant-Appellant.
 Nos. 86-2412, 86-2579, 86-2601.
 United States Court of Appeals,
Fifth Circuit.
 March 17, 1987.
Opinion on Denial of Rehearing and
Rehearing En Banc
June 23, 1987.
 
 Keith H. Uhles, T. Mark Blakemore, Royston, Rayzor, Vickery & Williams, Brownsville, Tex., for appellant.
 Barry R. Benton, Brownsville, Tex., for appellee.
 On Petition for Writ of Madamus to the United States District Court for the Southern District of Texas.
 Appeals from the United States District Court for the Southern District of Texas.
 Before GARWOOD, JOLLY and HILL, Circuit Judges.
 E. GRADY JOLLY, Circuit Judge:
 
 
 1
 Vatican Shrimp Company, Inc. ("Vatican Shrimp"), the owner of the F/V VATICAN, petitioned a federal district court, under 46 U.S.C. Sec. 185, to limit its liability in a Jones Act case that had been filed and was pending in a Texas state court. The district court dismissed the section 185 petition as untimely, and Vatican Shrimp then removed the case to federal court. The district court remanded the case to state court and imposed Rule 11 sanctions against Vatican Shrimp on grounds that the court had already decided the limitation of liability issue upon which it based removal. We hold that the district court properly dismissed the section 185 petition and that the order of remand is not subject to our review. Finally, the district court erred in sanctioning Vatican Shrimp, and we reverse on that issue.
 
 
 2
 * The appellee, Gabriel Solis, was a crew member on the F/V VATICAN when, in April 1983, an anchor line struck and injured his wrist, later treated for a contusion with no fracture. Approximately sixteen months after the accident, on October 12, 1984, Solis filed a Jones Act claim in Texas state court, alleging negligence and unseaworthiness on the part of the vessel and its owners and seeking $700,000 in damages. In its state court answer, Vatican Shrimp raised the defense of exoneration from or limitation of liability to the value of the F/V VATICAN and its pending freight, which Vatican Shrimp assessed at $200,331.83. On April 17, 1986, one and one-half years after the suit was filed, Vatican Shrimp petitioned the federal district court for limitation of liability under 46 U.S.C. Sec. 185[1] and for restraint of the state court trial. The district court temporarily restrained the state court proceedings, but it later dismissed Vatican Shrimp's section 185 petition as untimely. Vatican Shrimp appealed.
 
 
 3
 On May 15, 1986, Vatican Shrimp removed the case from state to federal court under 28 U.S.C. Sec. 1441. Because it had previously ruled that Vatican Shrimp could not limit its liability in the federal courts, the district court, on the plaintiff's motion, entered an order remanding the case to state court. In the same order, the district court sanctioned Vatican Shrimp under Fed.R.Civ.P. 11, for $750 in attorney's fees. Vatican Shrimp then filed a petition for writ of mandamus challenging the order of remand and also appealed the Rule 11 sanctions.
 
 
 4
 Vatican Shrimp's appeal of the dismissal of its section 185 petition, its petition for writ of mandamus regarding the district court's remand of the case to state court, and its challenge to the district court's imposition of the Rule 11 sanctions have been consolidated for the purposes of this appeal.
 
 II
 
 5
 This court has not previously addressed the first question that Vatican Shrimp raises; that is, under what circumstances does a federal court have jurisdiction to adjudicate a contested claim for limitation of liability when the shipowner has pled limitation defensively in a properly filed state court answer. To date, this question has only been addressed by the Sixth Circuit which held that defensive pleading in a state court answer alone was not an adequate procedural method for attaining federal adjudication of the limitation claim. In the Sixth Circuit, a shipowner, who faces litigation in state court, "acts at his peril" if he does not file a petition for limitation in a federal court under 46 U.S.C. Sec. 185 within six months of receiving written notice of the claim. Cincinnati Gas & Elec. Co. v. Abel, 533 F.2d 1001, 1005 (6th Cir.1976).
 
 
 6
 We hold that on the facts of the case now before us, Vatican Shrimp's section 185 petition was untimely, and Vatican Shrimp's defensive pleading in the state court answer did not provide the federal court with jurisdiction to hear the shipowner's limitation claim.
 
 A.
 
 7
 In reaching our holding, in addition to the case law, we have reviewed the background of the Limitation of Liability Act of 1851, 46 U.S.C. Secs. 181-96 (1982) (amended 1936) ("the Act"). Congress passed the Act in 1851 in an effort to provide American shipowners with benefits equal to those of their foreign competitors. The Act was primarily patterned after the English limitation act, 26 Geo. 3, ch. 86 (1786). Under the Act, a vessel owner, American or foreign, can restrict its liability, resulting from any occurrence for which the vessel is liable, to the value of the vessel and its pending freight. See Volk and Cobbs, Limitation of Liability, 51 Tul.L.Rev. 953 (1977) [hereinafter cited as Volk & Cobbs]; see also G. Gilmore & C. Black, The Law of Admiralty Secs. 10-1 to -3 (1975) [hereinafter cited as Gilmore & Black].
 
 
 8
 The Act provides shipowners with two procedural methods for limiting their liability. Signal Oil & Gas Co. v. Barge W-701, 654 F.2d 1164, 1172 (5th Cir.1981). Under 46 U.S.C. Sec. 185, a shipowner may file a limitation petition in federal district court. Congress amended this section in 1936 by adding a time bar that requires a vessel owner to file its petition in federal court within six months of receiving "written notice of claim."
 
 
 9
 The second method has its source in 46 U.S.C. Sec. 183,[2] which, unlike section 185, imposes no time bar. Section 183, which has remained virtually unchanged since its enactment in 1851, sets forth generally the Act's substantive provisions that permit a vessel owner, in the absence of privity or knowledge, to limit liability to the owner's interest in the vessel and its pending freight. A shipowner can "set up [limitation] as a defense" by pleading the general substantive provisions of section 183 in an answer filed in any court, including a state court. Langnes v. Green, 282 U.S. 531, 543, 51 S.Ct. 243, 247-48, 75 L.Ed.2d 520 (1931). However, once the shipowner's right to limit liability is contested, only a federal court may exercise jurisdiction of the matter because the cause becomes cognizable only in admiralty. Id.
 
 
 10
 In the "Green Cases," decided before the six-month filing period was added to section 185, the Supreme Court established the proper procedure that a shipowner should follow to limit liability in a single claimant case that is originally filed in state court. Id.; Ex Parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed.2d 1212 (1932). In Langnes v. Green, a crew member sued the vessel owner in state court to recover for personal injuries. The parties stipulated to the value of the vessel, and the vessel owner's right to limit liability was not contested. Nevertheless, two days before the state trial was scheduled to begin, the vessel owner petitioned a federal district court to limit his liability under section 185. The district court enjoined the state court proceedings and tried the case on the merits. The Supreme Court, addressing the issue of the crew member's right to pursue a common law remedy in state court, ordered the district court to remand the case, holding that under the saving to suitors clause, 28 U.S.C. Sec. 1333(1), the state court had jurisdiction to decide the crew member's claim. The Court made it clear, however, that if a vessel owner's right to limit liability were contested (which it had not been), a federal court would have "exclusive cognizance of such a question." Langnes, 282 U.S. at 543, 51 S.Ct. at 248. As a precautionary measure, the Court instructed the district court to retain the section 185 petition in the event that limited liability should become a contested issue in the state court action. Id. at 541-43, 51 S.Ct. at 247-48.
 
 
 11
 Following remand to the state court, the crew member did, in fact, challenge the vessel owner's right to limit liability. Ex Parte Green, 286 U.S. at 440, 52 S.Ct. at 603. The district court once again granted the vessel owner's motion to restrain the state court proceedings. On appeal, the Supreme Court held that because the owner's right to limited liability had been put into issue, "the cause became cognizable only in admiralty," and the district court, having retained the vessel owner's section 185 petition, was "authorized to resume jurisdiction and dispose of the whole case." Id.
 
 B.
 
 12
 We apply the procedure prescribed in Langnes but modify it to reflect the 1936 amendment to section 185.[3] That is, we recognize that shipowners may choose to set up the defense of limitation of liability under either method: by pleading the substantive provisions of section 183 in a properly filed answer in any court, or by filing a section 185 petition in a federal district court. However, if a shipowner is sued in state court, the owner's failure to file a section 185 petition in a federal district court within six months after receiving written notice of the claim will result in forfeiture of the right to limit liability should the claimant contest the limitation defense.[4] This is so because solely filing in the state court an answer in which limitation is pled obviously does not provide a federal court with jurisdiction to act. In contrast, defensive pleading under section 183 in a federal district court answer does not present the same jurisdictional problems. The district court, having jurisdiction to hear the entire case initially filed with it, can adjudicate and rule on a limited liability issue that is raised in a properly filed answer.
 
 
 13
 In sum, once written notice of a claim is received, unless that notice is a complaint filed in federal court, the prudent shipowner would file a timely section 185 petition in district court and move to stay the federal proceedings on the limitation petition until such time as limited liability is contested. This practice will ensure that a federal court may exercise its exclusive jurisdiction to hear the limitation issue even if the claimant eventually files suit in a state court and contests limitation more than six months after giving written notice of the claim.
 
 C.
 
 14
 Applying the modified Langnes procedure to the facts in this case, we have determined that Vatican Shrimp had notice of the claim at the very latest upon the service of the state court complaint in October 1984, thus commencing the six-month time period in section 185, which inarguably begins to run from the shipowner's receipt of written notice of the claim. Vatican Shrimp, however, failed to file its section 185 petition until April 18, 1986, approximately one and one-half years after its receipt of written notice. There is no question that Vatican Shrimp failed to comply with the six-month time limit. Its defensive pleading of limitation in the state court answer did not toll the six-month filing period under section 185; nor did the state court answer provide the federal court with jurisdiction to hear the limitation claim. See Volk & Cobbs, supra at 976 (assertion of the defense of limitation in a state court suit will not extend the section 185 six-month time period). The district court therefore correctly dismissed the section 185 petition as untimely.
 
 III
 
 15
 On petition for writ of mandamus, Vatican Shrimp argues that the district court abused its discretion in remanding the case to state court. The reason the district court gave for remanding the case was that, in dismissing the section 185 petition, it had previously decided that the federal court could not adjudicate the limitation issue. Vatican Shrimp contends that the prior dismissal does not control the propriety of its petition for removal. It argues, and Solis agrees, that the timeliness of removal is governed by 28 U.S.C. Sec. 1446(b), which provides that a petition for removal must be filed within thirty days of the date on which the case became removable. Both parties contend that the case became removable when limited liability was contested, because such a claim is exclusively cognizable in federal court. Vatican Shrimp claims that Solis first contested limitation on April 15, 1986, when he denied certain admissions of fact regarding limited liability. The shipowner argues that the petition for removal, filed on May 15, 1986, was therefore timely. Solis counters that the initial complaint, filed on October 12, 1984, was removable because it was clear that Solis sought damages exceeding the value of the vessel and that contested limitation rights were at issue. Under Solis' theory, the case should have been removed within thirty days of the filing of the complaint. We need not reach the parties' arguments.
 
 
 16
 Remand to the state court is required "[i]f at any time before a final judgment it appears that the case was removed improvidently and without jurisdiction...." 28 U.S.C. Sec. 1447(c). In its memorandum opinion filed with the order of remand, the district court stated, "Defendant's contention that there is an exclusive federal question in this case is unfounded.... The court finds that there is no exclusive federal question and that this case was improvidently removed." Based on this statement, it is clear that the district court predicated the remand under 28 U.S.C. Sec. 1447(c). An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise, except in certain civil rights cases. 28 U.S.C. Sec. 1447(d);[5] Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); Spencer v. New Orleans Levee Bd., 737 F.2d 435, 438 (5th Cir.1984). The only vehicle for relief from an order of remand is to petition for a writ of mandamus. New Orleans Public Service, Inc. v. Majoue, 802 F.2d 166, 167 (5th Cir.1986). The writ will be granted only if the district court "has affirmatively stated and relied upon a non-1447(c) ground for remand." Royal v. State Farm Fire & Casualty Co., 685 F.2d 124, 126 (5th Cir.1982); see also Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977). The district court stated and relied upon section 1447(c) as its ground for remand, and, accordingly, the writ of mandamus cannot be granted.[6]
 
 IV
 
 17
 Finally, Vatican Shrimp argues that the district court abused its discretion by imposing Rule 11 sanctions for the filing of the removal petition.[7]
 
 
 18
 In its memorandum opinion denying Vatican Shrimp's petition for removal, the district court explained that it had already ruled adversely to the shipowner on the question of limitation of liability. The district court held that "the petition for removal was not warranted by the existing law of this case," and sanctioned Vatican Shrimp under Rule 11[8] for $750 in attorney's fees.
 
 
 19
 In denying Vatican Shrimp's Motion for Reconsideration of Rule 11 Sanctions, the district court further explained:
 
 
 20
 The Petition for Removal, signed by counsel for Defendant, was signed without any apparent grounds for arguing that the petition was "warranted by existing law," the law of the case. Defendant had already exercised his right to challenge the decision ... by filing its Notice of Appeal, thus, the removal petition cannot be viewed as a "good faith argument for the ... reversal of existing law."
 
 
 21
 We are constrained to disagree. Courts and commentators alike have recognized the uncertainty surrounding the apparent conflict between the removal statute and the "saving to suitors" clause, 28 U.S.C. Sec. 1333(1). E.g., 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d Sec. 3674 (1985 & Supp.1986). When Vatican Shrimp attempted to remove the case from state court, no precedent existed in this circuit to govern the removal of a Jones Act case that involved contested limitation rights and the particular interplay that is presented between 46 U.S.C. Secs. 183 and 185. This issue is not simple and, as recognized by the Sixth Circuit, "the question is a close one." Cincinnati Gas, 533 F.2d at 1005. In view of the unresolved possibility that removal of the case would be a feasible avenue for attaining federal jurisdiction and considering the stakes involved, counsel for Vatican Shrimp might very well have been derelict not to pursue it. Solis sought $700,000 in damages, three times the assessed value of the vessel and its freight. If Vatican Shrimp's counsel had been successful in their attempts to limit liability, they would have reduced their client's exposure to damages by nearly $500,000. The record reveals that counsel pursued removal in the legitimate interest of the client, and, in the absence of clear precedent, based the removal petition on an argument for the extension of existing law that, on the record presented, was in good faith. Although the district court held that removal was improper in this case, Rule 11 sanctions are not justified merely because counsel were incorrect in their view of the law, particularly in such a complex and uncertain area. Robinson v. National Cash Register Co., 808 F.2d 1119, 1127 (5th Cir.1987); Zaldivar v. City of Los Angeles, 780 F.2d 823, 830 (9th Cir.1986). Accordingly, we hold that the district court erred in penalizing counsel's attempts to litigate this matter, and we reverse the Rule 11 sanctions.
 
 V
 
 22
 In conclusion, we hold that the district court correctly dismissed as untimely Vatican Shrimp's section 185 petition to limit liability, we deny Vatican Shrimp's petition for writ of mandamus, and we reverse the award of Rule 11 sanctions against Vatican Shrimp. The district court is therefore
 
 
 23
 AFFIRMED IN PART AND REVERSED IN PART.
 
 
 24
 Before GARWOOD, JOLLY and HILL, Circuit Judges.
 
 E. GRADY JOLLY, Circuit Judge:
 
 25
 In its petition for rehearing en banc, Vatican Shrimp argues that the panel's opinion has effectively "modified out of existence the shipowner's right to raise limitation in state court." Vatican Shrimp claims that because this court has held that a vessel owner may raise the limitation defense in an answer filed in federal court without regard to the six-month time limit in section 185, Signal Oil and Gas v. Barge W-701, 654 F.2d 1164, 1173 (5th Cir.1981), a vessel owner should therefore be able to raise the limitation defense in an answer filed in state court and then litigate the issue in federal court without regard to the six-month time restriction. Vatican Shrimp gives three reasons in support of its argument: (1) the 1936 amendments to the Limitation of Liability Act, 46 U.S.C. Secs. 181-96 (1982) ("the Act"), do not indicate that Congress intended to take away the right of the vessel owner to raise limitation in an answer filed more than six months after receipt of notice of the claim; (2) Congress did not amend section 183 to include a time restraint similar to that now present in section 185; and (3) the purpose of adding the six-month time limitation to section 185 was to require the shipowner to act promptly, which is not contravened when limitation is pleaded in an answer to the plaintiff's complaint. As a policy matter, Vatican Shrimp emphasizes that a severe economic burden will be placed on fishing boat owners and small workboat owners who will be forced to incur the expense of filing federal limitation actions in conjunction with their state court claims.
 
 
 26
 As we noted in our opinion, Vatican Shrimp Co., Inc. v. Solis, 820 F.2d at 678 n. 4 (5th Cir.1987), we are not insensitive to the economic burdens that will be placed on small-vessel owners. Notwithstanding our concern over these added economic burdens, we are unable to reach a different legal conclusion without violating the precedent of many years that control us. First, we are unable to find any precedent holding that state courts have jurisdiction to adjudicate a contested limitation-of-liability defense; nor does any authority indicate that state courts ever had such jurisdiction; nor is there any authority that the 1936 amendments granted such jurisdiction to state courts; nor have any courts since the 1936 amendments suggested that state courts do have such jurisdiction. Moreover, the United States Supreme Court has expressly held in the Green cases, Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931); Ex Parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932), albeit decided before the 1936 amendments to the Act, that once the vessel owner's right to limit liability is contested, the cause becomes exclusively cognizable in a federal court of admiralty.
 
 
 27
 Finally, apart from a section 185 petition or proper removal from the state court to the federal district court, there exists no mechanism for getting the matter before a federal court. In this case, it is clear that a section 185 petition was of no avail to Vatican Shrimp because the vessel owner failed to comply with the six-month time limitation. Also, the district court held that removal was improper and remanded the case to state court. The order of remand is nonreviewable on appeal, 28 U.S.C. Sec. 1447(d), which leaves Vatican Shrimp with no possible avenue for reaching federal court.
 
 
 28
 We are mindful that prior to the 1936 amendments, a vessel owner could delay filing a section 185 petition in federal court until the eve of the state court trial. In response to the problems this practice caused, particularly in complex multiple-claimant litigation such as that arising from the MORRO CASTLE disaster, Congress amended the Act in 1936 by adding a six-month time limitation to section 185 that forced the vessel owner to act more promptly. See G. Gilmore and C. Black, The Law of Admiralty, Sec. 10-14 & n. 57 (1975). Since the passage of the 1936 MORRO CASTLE amendments, Congress has not changed section 185 to provide that the six-month time limitation is tolled by pleading limitation as a defense in a state court answer. We are not a legislature and are therefore powerless to add such a provision to the statute; nor can we interpret the unambiguous language of sections 185 or 183 to contemplate such a tolling of the six-month time period. Despite the serious consequences to small vessel owners, this may simply be an unfortunate result that has slipped through the statutory cracks.
 
 
 29
 The only way that we could provide a remedy to the petitioner would be either to bend the removal rules or to overrule United States Supreme Court precedent holding that a contested issue of limited liability is subject to the exclusive jurisdiction of the federal admiralty courts. This panel lacks the sanguinity to do so, and, treating the suggestion for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED.
 
 
 30
 No member of the panel nor judge in regular active service of this court having requested that the court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is
 
 
 31
 DENIED.
 
 
 
 [1]
 46 U.S.C. Sec. 185 provides:
 The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease.
 
 
 [2]
 46 U.S.C. Sec. 183 provides:
 Amount of liability; loss of life or bodily injury; privity imputed to owner; "seagoing vessel"
 (a) The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.
 * * *
 
 
 [3]
 Supplemental Rule F for Certain Admiralty and Maritime Claims also incorporates the 1936 amendment and "make[s] it clear that the complaint may be filed at any time not later than six months after a claim has been lodged with the owner." Supp.R.Admir. & Maritime F, advisory committee's notes
 
 
 [4]
 A shipowner who files a section 185 petition must also post a bond with the court in the amount of the shipowner's interest in the vessel and its pending freight, or transfer his interest in the vessel and its freight to a court-appointed trustee. 46 U.S.C. Sec. 185 (1982); Supp.R.Admir. & Maritime F(1)(a), (b). We realize that these requirements will prove burdensome to a shipowner who must file a section 185 petition before the claimant has even filed suit. Nonetheless, absent proper removal of the case to federal court, defensive pleading in a state court answer cannot provide a district court with jurisdiction to hear the claim. As Gilmore and Black have noted:
 To save himself the expense of filing a limitation complaint and posting security, a shipowner might be tempted to wait until some claimant has instituted an action and then plead the Limitation Act in his answer. However, if he is competently advised, he will always proceed by filing a Sec. 185 complaint except in a single claim situation where he is sure the single claimant will bring his action in federal court.
 Gilmore & Black, supra, Sec. 10-15 at 858-59.
 
 
 [5]
 Section 1447(d) provides:
 (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.
 
 
 [6]
 The Sixth Circuit in Cincinnati Gas stated, without an explanation, that the saving-to-suitors clause, 28 U.S.C. Sec. 1333(1), prohibited removal of the case to federal court. The question whether the saving-to-suitors clause or the nonremovability provision of the Jones Act, 28 U.S.C. Sec. 1445(a), would preclude the removal of a shipowner's suit to limit liability, an exclusively federal claim, was not fully briefed by both parties to the action now before us. Because resolution of the issue is unnecessary to decide this case, we do not address it, but note that the "well-pleaded complaint" rule and the "derivative jurisdiction" doctrine may be relevant to the resolution of this issue. See Franchise Tax Bd. v. Const. Laborers Vac. Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (for purposes of removal under 28 U.S.C. Sec. 1441, federal jurisdiction must be established in the plaintiff's complaint, not in the defendant's answer); see also id. at 24 n. 27, 103 S.Ct. at 2854 n. 27 (exclusively federal claim cannot be removed from state court); Azzopardi v. Ocean Drilling and Exploration Co., 742 F.2d 890, 892 n. 2 (5th Cir.1984) (derivative jurisdiction doctrine would preclude removal of a state action under the Jones Act and the Death on the High Seas Act)
 
 
 [7]
 Although 28 U.S.C. Sec. 1447(d) precludes our review of the order of remand, it does not shield the subsidiary issue of Rule 11 sanctions from appellate review. Absent review of Rule 11 sanctions in section 1447(c) removal cases, the district courts would have unlimited authority to impose a wide range of penalties. This is clearly not the intent of either the removal statute or Rule 11. Moreover, our review on the merits of the Rule 11 sanctions is distinct and separable from a review on the merits of the order of remand
 
 
 [8]
 Rule 11. Signing of Pleadings, Motions and Other Papers; Sanctions
 .... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.