David **HELLWEG** and Margery Hellweg, and Brian **McAllister**, Plaintiffs,

v.

**BAJA BOATS, INC.,** and **Courtney Smith, Defendants.**

### Civ. A. No. 91–CV–40088–FL.

United States District Court, E.D. Michigan, S.D.

March 6, 1992.

Phillip B. Maxwell, Frasco, Freydl & Caponigro, Bloomfield Hills, MI, for plaintiff.

S.Ct. 676, 86 L.Ed. 956 (1942).

Frank W. Brochert, Plunkett & Cooney, P.C., Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is defendants' Motion to Amend Affirmative Defenses, plaintiffs' Response, and defendants' Reply. In their motion, defendants seek to add as an affirmative defense that the liability of defendant Baja Boats, Inc. ("Baja"), for the damages sustained by plaintiffs, is limited to the value of the hull, pursuant to 46 U.S.C.App. § 183. Plaintiffs oppose this motion on the grounds, *inter alia*, that the Limitation of Liability Act, 46 U.S.C.App. § 181, *et seq.*, can only be entertained by a district court through its exclusive admiralty jurisdiction; and this case is before the Court by way of diversity jurisdiction. For the reasons that follow, the Court finds that it lacks jurisdiction in this diversity action to adjudicate defendants' limitation of liability defense. Therefore, defendants' motion is DENIED.

This action arises out of a boating accident that occurred on January 31, 1990 in the Haulover Inlet, a body of water connecting the Intercostal waterway and the Atlantic Ocean off the shores of Miami Beach, Florida. Defendant Courtney Smith was driving defendant Baja's prototype speed boat at the time of the accident, and plaintiffs allege that the accident was the result of both Smith's negligent operation of the vessel and defendant Baja's negligence in selecting defendant Smith to be the test driver. As a result of this accident, plaintiffs suffered varying degrees of personal injuries. These events precipitated the filing of this suit here against defendant Baja, as manufacturer and owner of the boat, and defendant Smith, as test driver and representative of Baja. In their five Count Complaint, plaintiffs invoke the federal court's diversity jurisdiction, alleging (1) simple negligence against defendant Smith, (2) *respondeat superior* against defendant Baja, (3) negligent entrustment, (4) dangerous instrumentality strict liability, and (5) loss of consortium.

The legal question raised here is one of first impression. The issue is whether a federal court presiding over a civil action brought pursuant to its diversity jurisdiction can invoke its admiralty jurisdiction to determine the applicability of § 183 of the Limitation of Liability Act as a defense, when admiralty jurisdiction has not been pled as a basis for the district court's jurisdiction over the case. Although the case law makes it clear that a state court cannot entertain such a defense for lack of admiralty jurisdiction, there is no case, either cited by the parties or found by this Court, the holding of which has resolved this question. There is dicta, but even that seems to be contradictory among the courts of appeals. As detailed below, this Court holds that it has no jurisdiction to adjudicate the limitation of liability defense where, as here, the underlying claim is on the civil side of the Court solely pursuant to its diversity jurisdiction.

To decide the issue, it is necessary to consider the two means provided by the Limitation of Liability Act for a boat owner to limit its liability. Under 46 U.S.C.App. § 185, the owner of a vessel may file a petition for limitation of liability in any federal district court sitting in admiralty. This petition, however, must be made within six months after the vessel owner has received a "written notice of claim." In the present case, defendant Baja has filed no such petition. Instead, Baja seeks to limit its liability by way of filing an affirmative defense, asserting the substantive limitation provisions of 46 U.S.C.App. § 183.

Section 183, unlike section 185, does not provide a time limitation. Moreover, unlike a § 185 petition which must be filed with an admiralty court, the defense asserting limitation of liability under § 183 may be pled by way of answer filed in any court, including a state court. *Langnes v. Green*, 282 U.S. 531, 543, 51 S.Ct. 243, 247–48, 75 L.Ed. 520 (1931); *Vatican Shrimp Co., Inc. v. Solis*, 820 F.2d 674, 677 (5th Cir.1987); *see also Cincinnati Gas & Electric Co. v. Abel*, 533 F.2d 1001, 1003 (6th Cir.1976), citing *Deep Sea Tankers v. The Long Branch*, 258 F.2d 757, 772 (2d Cir.1958) ("It has long been recognized that limitation of liability may be invoked by a shipowner either as a defense in an action seeking damages or by an independent petition in admiralty."). Once the vessel owner's right to limit liability is contested,

however, a state court cannot exercise jurisdiction over the matter which is only cognizable in admiralty, over which the federal courts have exclusive jurisdiction. *Langnes,* 282 U.S. at 543, 51 S.Ct. at 248; *Cincinnati Gas,* 533 F.2d at 1003; *Vatican Shrimp,* 820 F.2d at 677. Given that case law, the Court would ordinarily grant defendant's motion to amend, as such a defense can be pled in any court. Yet, when the defense is challenged, as here, the law precludes at least state courts from exercising jurisdiction. The question in this case, as yet unanswered by the courts of appeals, is whether a district court sitting in exercise of its diversity jurisdiction can entertain such an admiralty law defense.

The parties have cited several cases and commentaries which, tangentially and often contradictorily, touch upon the present issue. Primarily, there are three cases out of different circuits that have been cited by both parties: *Murray v. New York Central R.R. Co.,* 287 F.2d 152 (2d Cir.), *cert. denied* 366 U.S. 945, 81 S.Ct. 1674, 6 L.Ed.2d 856 (1961); *Vatican Shrimp, supra* (5th Cir.); and *Cincinnati Gas, supra* (6th Cir.). Of these three, *Murray* is the most factually consistent with the present action.

In *Murray,* the plaintiff brought in federal court a civil action, rather than an admiralty action, to recover damages for personal injuries suffered while working on a barge which was being maneuvered by the defendant's tug boat. The defendant, the tug boat's owner, filed an answer claiming the right to limit its liability under 46 U.S.C.App. § 183(a). The district court granted limitation of liability to the defendant and the court of appeals affirmed. 287 F.2d at 153–54. The Second Circuit

> found that it was immaterial whether the original claim was filed on the "admiralty side" or the "civil side" of the court. Holding that the owner was not required under these circumstances to file an independent action under Section 185 the court stated "[t]he rule for which appellant contends disregards the desirability of one trial only, where all rights can be fairly decided in a

single legal proceeding." [287 F.2d] at 153.

*Cincinnati Gas,* 533 F.2d at 1004. At first glance, viewing the *Murray* decision alone, it seems that the Second Circuit would allow the Court in this case to entertain defendant Baja's § 183 defense regardless of whether this case is before the Court as a Civil action or as an Admiralty claim. Nevertheless, this Court is bound by the Sixth Circuit, not the Second. Therefore, the Court must consider the Sixth Circuit's view of the reasoning in *Murray.*

In *Cincinnati Gas,* the appellee, owner of a marina on the Ohio River, brought suit in state court against the appellant, owner of a tug boat, for the tug boat's collision with and damage of the appellee's marina. In the state court, the appellant moved for partial summary judgment to limit its liability under 46 U.S.C. § 183(a). This defense was contested by the appellee, and, because the state court lacked jurisdiction to entertain the admiralty defense, the state court denied the appellant's motion but stayed the state proceedings to allow the appellant to file a § 185 petition in the federal district court. The district court dismissed the appellant's petition for failure to meet the six months requirement of § 185. 533 F.2d at 1002–03.

Appeal was made to the Sixth Circuit, where that court determined that a state court is competent to render relief by way of limitation of liability only if the plaintiff does not contest the right of the shipowner to limit its liability. *Id.* at 1003. As noted, in *Cincinnati Gas,* as in this action, the plaintiff did contest the vessel owner's right to limit its liability.[1] In affirming the district court's dismissal of the appellant's § 185 petition, the court of appeals considered the applicability of the Second Circuit's *Murray* decision.

Analyzing *Murray,* the Sixth Circuit in *Cincinnati Gas* found the *Murray* court's reasoning "to be persuasive, but not conclusive." 533 F.2d at 1004. The Sixth Circuit noted that in *Murray* the plaintiff, by including a claim for maintenance, had invoked the admiralty jurisdiction of the district court in

---

1. In their Response to defendants' Motion to Amend, plaintiffs have contested the limitation of

liability defense both substantively and for lack of jurisdiction.

his complaint. "Thus, the case was already on the 'admiralty side' with respect to one of its claims before the petition for limited liability was filed." *Id.* The Sixth Circuit further distinguished *Murray* by pointing out that, unlike the action in *Cincinnati Gas,* in *Murray* "the entire case was before the district court from its inception." *Id.* The Sixth Circuit went on to state that:

> It is apparent that there is a difference, in terms of jurisdictional considerations, between transferring an issue for separate trial from one division or "side" of a single court and transferring it for separate trial in an entirely different court system. This is the jurisdictional obstacle which the district court found impassable in this case.... [citation omitted]. We note also that the strongest argument in *Murray* related to the desirability of disposing of all issues in a single legal proceeding. This may be achieved in a case such as this one only in a federal court. When the right to limited liability is contested it becomes impossible to dispose of all the issues in a single proceeding in a state court.

*Id.* Defendant Baja relies upon this language in arguing that § 183 provides it with limited liability in this case. Baja argues that the concerns of the Sixth Circuit in *Cincinnati Gas* are not present here because, as in *Murray,* this action was begun and continues in one court system, not two.

While this case was initiated in this Court and has since remained here, unlike *Murray* the Court's admiralty jurisdiction was not invoked by plaintiffs' complaint. Plaintiffs intentionally did not bring this case under the Court's admiralty jurisdiction. Rather, this Court has diversity jurisdiction to adjudicate this case pursuant to the saving to suitors clause of 28 U.S.C. § 1333. Although *Cincinnati Gas* was commenced in state court, the Sixth Circuit's reasoning in that case applies here, and forces this Court to look to that reasoning.

The Sixth Circuit's reasoning in *Cincinnati Gas* must be viewed within its original context of explaining the court's interpretation of the law as expressed in *Murray.* Transfer of the limitation issue was allowed in *Murray* because admiralty jurisdiction was already established. *See* 533 F.2d at 1004. The Sixth Circuit raised this distinction first, and, although later noting that the *Murray* court's strongest argument related to the desirability of disposing all issues in a single legal proceeding, by making the former distinction it can be inferred that the Sixth Circuit would have found it inappropriate for the district court to entertain the defense where admiralty jurisdiction were not already established as a basis of the court's authority over the case. Therefore, the *Murray* case is distinguished from the present action.

The Sixth Circuit explained the prescribed procedures and perils of a vessel owner in attempting to limit its liability under the Limitation of Liability Act:

> Regardless of how the procedure is described, the fact remains that the state court lost jurisdiction of the limitation of liability issue when the claimant contested the owner's right to avail itself of limitation and only an admiralty court had jurisdiction to decide the issue. Furthermore, the only method available to [the appellant] for invoking that jurisdiction was to follow the procedures prescribed by Section 185 and Supplemental Rule F for Admiralty and Maritime Claims which incorporates the six months requirement of Section 185.

> \*  \*  \*  \*  \*  \*

> When a shipowner is faced with a claim or claims in excess of the value of his vessel, the prudent thing for him to do is to file a protective petition in the proper federal court pursuant to Section 185. A petition for limitation of liability has been described as "an *anticipatory* protective measure to avoid full personal responsibility if liability shall later be imposed." [emphasis in original] Prior to the adoption of the 1936 amendments [which added the six month requirement] it was not necessary to anticipate the possibility of claims exceeding the value of the vessel; it was sufficient to raise the issue after judgment. Now, however, *an owner who receives a notice of a claim acts at his peril if he fails to file a petition for limitation in a federal court within six months. Having done this, if he is then sued in the district court, he can move for consolidation of the*

*petition for limitation with the damage action.*

*Cincinnati Gas,* 533 F.2d at 1005 (citations omitted, emphasis added). Significantly, the court does not mention the consequences of a vessel owner's failure to file a § 185 petition when he is subsequently sued in the district court.

In the present case, defendants failed to act prudently, and now must face the perils of their decision. Defendants could have established dual jurisdiction had they petitioned the admiralty court pursuant to § 185. At that point, or at the point plaintiffs filed their civil action, defendants could have moved the Court to consolidate the separate actions. That, however, defendants failed to do. Instead, defendants sat on their rights until plaintiffs filed suit against them in federal district court.

Had plaintiffs filed an action under the Court's admiralty jurisdiction, defendants' contested limitation of liability defense could have been entertained by the Court. Moreover, had plaintiffs filed both common law and admiralty claims, as did the plaintiff in *Murray,* the issue of liability could have been transferred from the Civil side of the Court to the Admiralty side. Either of these occurrences would have established the Court's admiralty jurisdiction over the limitation of liability issue. Neither of these occurred however. Instead, plaintiffs filed a diversity action on the Civil side of the Court and no admiralty jurisdiction was invoked. Defendants had the procedure of § 185 at their disposal, yet they failed to avail themselves of it. Therefore, the contested issue cannot be determined, and the defense must fail.

This conclusion is supported by commentary cited by plaintiffs in their Response brief:

Thus, a vessel owner who receives written notice of a limitable claim and does nothing until suit is filed by the Plaintiff may well find that he has not lost his right to limit damages *if* the suit is commenced as a maritime action in federal district court; will have lost the right if the Plaintiff fails to cooperate and, instead, commences suit in a state court after the running of the six month period from the giving of written notice; *and may have lost that right if the Plaintiff commences a non-maritime civil action in federal district court.* Obviously, providing the Plaintiff with the key to permitting or preventing a successful assertion of the limitation defense is a most perilous practice! *7A Moore's Federal Practice,* ¶ F.03, F–32. (Emphasis Added).

Plaintiff's Response at 12. Moreover, the impact of the *Cincinnati Gas* decision has been interpreted by the same commentator as follows:

"In short, if the *Cincinnati Gas & Electric Co.* case is correctly decided, it should at least place in doubt those decisions permitting the assertion of an untimely limitation defense to an action properly reposing in a federal district court pursuant to that court's civil, non-maritime jurisdiction." *Moore's Federal Practice,* ¶ F.03, n. 43.

Plaintiff's Response at 14. That commentator concluded that:

Commencement of an action in a state court will, if the *Cincinnati Gas & Electric Co.* decision is followed, prevent assertion of the limitation defense if challenged; and, arguably that defense may also be ineffective if the *in personam* suit is commenced as a non-maritime civil action in federal district court. *Moore's Federal Practice,* ¶ F.03, F–49, n. 50.

*Id.* As noted above, plaintiffs commenced this action against defendants under the saving to suitors clause of 28 U.S.C. § 1333 as a civil action, invoking only the Court's diversity jurisdiction. Therefore, and because defendants failed to invoke the admiralty jurisdiction of the federal court through § 185, the Court concludes that it now lacks the admiralty jurisdiction in this case to entertain the limitation of liability defense.

The Court also grounds its holding in this case in part on the distinct nature of the district court's power over a case brought pursuant to the court's diversity jurisdiction. Since the state court entertaining a civil action under the saving to suitors clause cannot determine the admiralty issues involved in the limitation of liability defense, neither should the federal district court sitting in

diversity. Were it otherwise, the effectiveness of the limitation of liability defense would be directly affected by the plaintiff's choice of forum. Essentially, the plaintiff seeking full compensation for common law damages would be forced to file in state court where the defense would be precluded if challenged. There is no hardship on shipowners in this view, as the statute provides for a means of limiting liability through § 185. Moreover, this Court's interpretation of the Act's applicability would further the goal of the 1936 amendment in limiting the time period after a notice of claim is given for vessel owners to limit their liability. *See Cincinnati Gas,* 533 F.2d at 1003 ("Prior to 1936 a vessel owner could seek limitation of liability at any time, even by instituting an independent proceeding for this purpose after the issue of liability had been decided adversely to him." The purpose of the 1936 amendment was "to cut down the rights and privileges of the ship owner"). Although the six month limitation does not apply to the affirmative defense procedure of raising the limitation provided by § 183, that defense is inherently limited, if challenged, to suits commenced in admiralty court. A shipowner who does not petition the admiralty court under § 185 is at his peril should a plaintiff file a civil action against him in state or federal court.

Notwithstanding the foregoing, defendants raise several arguments of merit, which make this decision a close one. First, defendants argue that whether the Court exercises admiralty jurisdiction over this case does not depend upon how plaintiffs have labeled their allegations. Defendants argue that because the underlying occurrence precipitating this lawsuit was on navigable waters, and because it had a significant relationship to traditional maritime activity, plaintiffs allegations amount to admiralty claims and, therefore, invoke the admiralty jurisdiction of this Court. The Court does not find this argument persuasive. Although the federal district court can exercise its admiralty jurisdiction over all such occurrences, whether a certain matter is before the Court on the basis of its admiralty jurisdiction is a distinctly different matter.

Defendants cite several cases to support their argument that admiralty jurisdiction *must* be applied to any claim that could be entertained under the Court's admiralty jurisdiction. All these cases, however, involve plaintiffs who have pled admiralty jurisdiction in the underlying complaint. *Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982); *Anderson v. Whittaker Corp.,* 692 F.Supp. 764 (W.D.Mich.1988); *Neal v. McGinnis, Inc.,* 716 F.Supp. 996 (E.D.Ky.1989); Defendant's Reply at 2–4. Some courts have held that

> Regardless of whether a maritime claim is brought on the admiralty or the law side of a federal district court, the parties' rights and liabilities are controlled by federal principles of maritime law. *Chelentis v. Luckenbach Steamship Co., Inc.,* 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171 (1918).... [Citation omitted]. "The choice of an action 'at law' cannot serve to diminish the dimensions of the substantive rights accorded by [maritime] law." *Oroz v. American President Lines, Ltd.,* 259 F.2d 636, 638 (2d Cir.1958), *cert. denied,* 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572 (1959).

716 F.Supp. at 998. This expression of the law, however, does not confer jurisdiction over admiralty issues where it does not lie. The *Neal* court's conclusion that "the same law which governs actions brought under the federal courts' admiralty jurisdiction also governs maritime claims brought in the common law state courts or on the law side of the federal courts through diversity jurisdiction," 716 F.Supp. at 999, does not square with the circuit courts' treatment of the limitation of liability act cases. If state courts and federal courts in diversity were bound to apply the same law as would a federal admiralty court, then the state courts would be able to entertain the defense of limitation of liability under 46 U.S.C.App. § 183. State courts, however, cannot do so because they lack the admiralty jurisdiction. *Langnes,* 282 U.S. at 543, 51 S.Ct. at 248; *Cincinnati Gas,* 533 F.2d at 1003; *Vatican Shrimp,* 820 F.2d at 677. Thus, the question is not what law

applies. Obviously the federal law preempts any state law. The question is whether the district court in diversity, like the state courts, lacks jurisdiction to determine this particular admiralty law issue, the application of the limitation of liability defense. This Court finds that it does.

Finally, defendants argue that because this action was commenced in federal court, and not state court, the case law finding state courts lacking in jurisdiction over this issue does not apply, and thus this Court has jurisdiction over the issue. Two of the cases supplied by defendants in their Reply brief, *Cincinnati Gas* and *Murray,* have been discussed *supra* by the Court. The third and final court of appeals case cited by defendant as to this issue is the Fifth Circuit's *Vatican Shrimp* decision. *See* 820 F.2d 674 (5th Cir. 1987). In *Vatican Shrimp,* as in *Cincinnati Gas,* the plaintiff originally brought a civil action in state court. 820 F.2d at 676. Similarly, the defendant shipowner raised 46 U.S.C.App. § 183 as a defense to limit its liability. *Id.* The plaintiff opposed the defense, and the state court lacked jurisdiction to entertain the issue. Thereafter, the defendant petitioned the federal district court for limitation of liability under § 185. *Id.* The district court dismissed the § 185 petition because it was filed more than six months after defendant had received its notice of claim. *Id.* After the district court's dismissal of the § 185 petition, the defendant removed the case from state to federal court under 28 U.S.C. § 1441. *Id.* On plaintiff's motion, the district court remanded the case to state court. *Id.* The defendant appealed the remand, the dismissal of its § 185 petition, and an award of attorney fees to the plaintiff by the district court. *Id.* The Fifth Circuit upheld the district court's orders with the exception of the Rule 11 sanctions. *Id.* at 677. The Fifth Circuit held that the shipowner's defensive pleading in state court did not provide the federal court with jurisdiction to hear the limitation of liability claim. *Id.*

Like the Sixth Circuit's *Cincinnati Gas* decision, any discussion regarding the issue in the present motion is dicta. Nevertheless,

the Fifth Circuit's view of the matter is worth due consideration. In *Vatican Shrimp,* the court stated that:

> we recognize that shipowners may choose to set up the defense of limitation of liability under either method: by pleading the substantive provisions of section 183 in a properly filed answer in any court, or by filing a section 185 petition in a federal district court. However, if a shipowner is sued in state court, the owner's failure to file a section 185 petition in a federal district court within six months after receiving written notice of the claim will result in forfeiture of the right to limit liability should the claimant contest the limitation defense. This is so because solely *filing* in that state court an answer in which limitation is pled obviously does not provide a federal court with jurisdiction to act. In contrast, *defensive pleading under section 183 in a federal district court answer does not present the same jurisdictional problems. The district court, having jurisdiction to hear the entire case initially filed with it, can adjudicate and rule on a limited liability issue that is raised in a properly filed answer.*

820 F.2d at 678 (footnote omitted). The Court notes, however, that in concluding that a § 183 defensive pleading in a federal district court answer does not present any jurisdictional problems the Fifth Circuit does not cite any supporting authority.

This Court does not agree with the court of appeals' conclusion. As previously stated, a case present before the district court as a civil action over which the court has jurisdiction solely due to the diversity of the parties, must be treated as would the same action filed in state court. This treatment includes the realization that the court in diversity cannot adjudicate matters only cognizable before a court exercising its admiralty jurisdiction. This disposition does not deny shipowners their admiralty rights to limit their liability pursuant to 46 U.S.C.App. §§ 183 and 185. Section 183 can be raised as a defense to an *in personam* action filed in any court. If contested, however, the issue can

only be adjudicated by a district court presiding over the case as filed in admiralty. This is so because § 183 provides a defense to admiralty actions that are not filed *in rem* and, therefore, are not otherwise limited to the value of the vessel. The relief provided by the procedures of § 185 is available to any shipowner sued in any court so long as the procedures are followed. Defendants did not comply with the procedures of § 185, and this Court will not allow them to circumvent these procedures and now petition the Court to exercise its admiralty jurisdiction through § 183. Defendants can raise the defense, but that does not confer jurisdiction where it does not already lie. Defendants failed to petition the Court under § 185 at their own peril, and now they must accept the consequences.

This Court holds that it lacks jurisdiction in this action to adjudicate the matter raised by defendants in their defense. Therefore, defendants' Motion to Amend Affirmative Defenses is DENIED.

SO ORDERED.