Louanna **GRINDLE** et al., Plaintiffs,

v.

**FUN CHARTERS, INC., Magic Island Sports, Inc., Defendants.**

**Civil No. 95–00889 ACK.**

United States District Court,
D. Hawai'i.

Dec. 31, 1996.

John R. Hillsman, Keith A. Ehrman, San Francisco, CA, Howard G. McPhearson, Law Offices of Howard G. McPhearson, Honolulu, for Plaintiffs.

David W. Proudfoot, Belles Graham & Proudfoot, Lihue, for Defendants.

## *ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS*

### *BACKGROUND*

KAY, Chief Judge.

This order concerns an obtuse legal question arising out of a tragedy.

On November 1, 1994, Victor Grindle ("Grindle") and his wife Louanna went on an excursion voyage from Kaanapali, Maui. During the voyage, Mr. and Mrs. Grindle entered the water to snorkel. Mr. Grindle experienced grave difficulty in the water and subsequently died.

On November 1, 1995, Louanna Grindle brought suit against "Sea Quest Adventures, Inc.," the purported owner of the vessel involved in the November 1, 1994 incident, on behalf of: (1) herself; (2) Grindle's estate; (3) Grindle's mother, Ella; and (4) Grindle's surviving children, Wade, Peter and Nora (hereinafter "Plaintiffs"). On January 26, 1996, Plaintiffs filed their first amended complaint which substituted Fun Charters, Inc.[1] and Magic Island Sports, Inc. as Defendants in the action (hereinafter "Defendants"). In the first amended complaint, Plaintiffs proffered three causes of action: (1) wrongful death; (2) a survival action; and (3) negligent infliction of emotional distress. The basis for the Court's jurisdiction is 28 U.S.C. § 1332, the diversity statute.

On May 2, 1996, Defendants filed their answer in which they asserted several affirmative defenses including "the defense of Limitations of Liability, pursuant to 46 U.S.C.App. §§ 181 et. seq.." *See* Defendants' Answer at pg. 3. On October 7, 1996, Plaintiffs filed this motion for partial judgment on the pleadings concerning the viability of Defendants' Limitations of Liability, 46 U.S.C.App. § 181 defense (hereinafter "Limitation Defense"). On November 14, 1996, Defendants filed their opposition to this motion. Plaintiffs filed their reply on November 21, 1996. On December 2, 1996, the Court held a hearing.

### *STANDARD OF REVIEW*

1. *JUDGMENT ON THE PLEADINGS STANDARD*

■ Judgment on the pleadings, pursuant to Federal Rules of Civil Procedure 12(c), is proper when the moving party clearly establishes on the face of the pleadings that (1) no material issue of fact remains to be resolved; and (2) it is entitled to judgment as a matter of law. *Doleman v. Meiji Mut. Life Ins. Co.,* 727 F.2d 1480, 1482 (9th Cir.1984).

■ In reviewing a party's motion under Rule 12(c), the district court views the facts as presented in the pleadings in the light most favorable to the opposing party, accepting as true all the allegations in their papers and treating as false those allegations in the

1. Apparently, Fun Charters, Inc. does business as Sea Quest Adventures. Thus, there does not appear to be a Sea Quest, Inc..

moving party's papers. *Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1301 (9th Cir.1992); *Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir.1990).

■ Where the district court goes beyond the pleadings to resolve an issue, the motion properly is treated as one for summary judgment. Fed.R.Civ.P. 12(c); *Hal Roach Studios*, 896 F.2d at 1550 (9th Cir.1990).

## DISCUSSION

Through this motion, Plaintiffs argue that this Court, sitting in diversity, lacks the jurisdiction to address Defendants' limitation defense.

■ The limitation defense codified in 46 U.S.C. § 181–196 was enacted by Congress in the nineteenth century to encourage investment in the shipping industry. *See Vatican Shrimp Co., Inc. v. Solis*, 820 F.2d 674, 677 (5th Cir.1987). The provisions allow shipowners in certain situations to limit their liability for damage claims arising out of the vessel to the valuation of the vessel and its pending freight. *See Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 772 (9th Cir.1995); *see also* Martin J. Norris, The Law of Maritime Personal Injuries, § 7.2. Many complex factors dictate whether the limitation defense applies in a given situation. For purposes of this motion, however, this Court need not determine whether those predicates exist because the only issue before the Court is whether it has the jurisdiction to hear Defendants' limitation defense.

Two methods exist for invoking the limitation defense. Under 46 U.S.C.App. § 185 (" § 185"), a shipowner can file a petition for limitation of liability in a district court, but must do so within six months of receiving written notice. See 46 U.S.C.App. § 185. To invoke § 185, a shipowner must also post a bond "equal to the amount or value of the interest of such owner in the vessel and freight" with the Court. See 46 U.S.C.App. § 185. The second method for invoking the limitation defense—asserting it as an affirmative defense —— has none of these procedural requirements. See 46 U.S.C.App. § 183 (" § 183").

The limits of the latter option comprise the basis of this case. Here, Defendants did not file a petition within six months of the complaint.[2] Thus, Defendants' only basis for asserting the limitation defense is as an affirmative defense.

■ It is well established that the limitation defense may be asserted as an affirmative defense in any court. See *Langnes v. Green*, 282 U.S. 531, 543, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931) ("the owner of the vessel, therefore, can by answer in the state court set up as a defense that he is not liable beyond the value of the vessel, and that value may be determined as appropriately and as easily in that court as in this." (citations omitted)) Oddly, what is not as established is whether a non-admiralty court maintains jurisdiction if the defense is contested. See *Ex Parte Green*, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932) (holding that a federal District Court properly enjoined proceeding in state court where injured seaman put in issue shipowner's right to limit liability). Relying on this uncertainty, Plaintiffs argue that when a limitation claim is contested, state courts and federal courts sitting in diversity do not have jurisdiction to decide the defense. Plaintiffs cite *Hellweg v. Baja Boats, Inc.*, 818 F.Supp. 1022 (1992) in support of their assertion.

The confusion over this issue can be pinned on the *Langnes* and *Ex Parte* Green cases in all their brevity and age. In *Langnes*, the Supreme Court held that a state court had jurisdiction to determine the limitation defense. 282 U.S. at 540–43, 51 S.Ct. at 247. In *Langnes*, however, the parties stipulated to the value of the boat and

---

**2.** The statute requires that a petition be filed six months from receiving written notice of the incident. 46 U.S.C.App. § 185 ("the vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court ..." ). At the very latest, Defendants received notice when the Plaintiffs filed the complaint on November 1, 1995, but they have yet to file a petition. *See Bayview Charter Boats, Inc. v. Sullivan*, 692 F.Supp. 1480, 1484 (E.D.N.Y.1988) ("service of summons and complaint is certainly enough to trigger the six-month period.")

the application of the limitation act was never challenged. *Id.* at 532–35, 51 S.Ct. at 244. When the plaintiff later contested the application of the limitation act, moreover, the Supreme Court upheld the federal court's injunction against the state court finding that the issue became cognizable only in admiralty. *Ex Parte Green,* 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932). This scenario has convinced courts, like *Hellweg,* that *Langnes* and *Ex Parte Green* stand for the proposition that a non-admiralty court only has jurisdiction over the limitation defense where the parties do not contest its applicability. *See* 818 F.Supp. at 1023–24.

Although the Court has grave concerns over such a reading,[3] the Court need not decide whether a state court has jurisdiction over a contested limitation defense. Rather, the only issue before the Court is whether the defense may be asserted in a federal diversity action.[4] After all, a district court unlike a state court has jurisdiction over admiralty claims. *See* U.S. Const. art. III, § 2 ("the judicial power shall extend ... to all Cases of admiralty and maritime jurisdiction.")

The Court finds that to limit a federal court with its conferred admiralty jurisdiction from hearing a § 183 defense makes little sense, other than creating duplicative

litigation. Clearly, a federal plaintiff would rather not have its case circumvented by the liability narrowing provisions of § 183. If possible, therefore, a plaintiff, such as the one in this case, will couch its suit in terms having nothing to do with admiralty. Such structured pleading forces the defendant to file another suit in the federal court under § 185 to limit its liability. Although this second court could enjoin the first proceeding,[5] this Court fails to see any reason why the defendant must file another suit before being able to invoke a provision which the first court had constitutionally conferred jurisdiction to address.

Other circuit courts have recognized that a court in a diversity action should have jurisdiction over the limitation defense. The Second Circuit has stated that: "if a [§ 183] limitation may be pleaded as a defense beyond the six month period, it would be unreasonable to make its availability turn on whether a plaintiff elects to bring suit on the admiralty side or the civil side of the court." *Murray v. New York Central Railroad Company,* 287 F.2d 152, 154 (1961). The Fifth Circuit has stated that: "In contrast [to a state court action], defensive pleading under section 183 in a federal district court answer does not present the same jurisdictional problems. The district court, having jurisdiction to hear the entire case initially filed

---

3. It would be rather unique for the Court's jurisdiction to rely on a dispute of liability. In fact, having jurisdiction depend on one party's acquiescence to a limitation of liability would seem to preclude jurisdiction altogether. Generally, most plaintiffs will contest the application of § 183.

Accordingly, some courts have decided that state courts do have jurisdiction over contested limitation defenses. See *e.g. In re Complaint of North Lubec Manufacturing and Canning Co.,* 640 F.Supp. 636, 639 ("It is not necessary that a claimant concede shipowner's right to limit liability in order that the state court action be permitted to proceed."); *Mapco Petroleum, Inc. v. Memphis Barge Line, Inc.,* 849 S.W.2d 312, 318 (Tenn.1993) (holding that "section 183, in creating the limitation defense, itself places no restriction upon the forum in which the defense may be asserted.").

4. Deciding whether this Court as opposed to a state court can apply the limitation defense does not violate the *Erie* doctrine. The *Erie* doctrine in its simplest terms requires a court sitting in

diversity to apply the substantive law of the state. Yet, in application, "it now is recognized that in certain narrowly defined but extremely important circumstances the federal courts may fashion 'specialized' federal common law—substantive rules of decision not expressly authorized by either the Constitution or any Act of Congress—that supplant state law." 19 Charles A. Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 4514 (1996). Admiralty is one of those aforementioned circumstances: "the Judiciary has traditionally taken the lead in formulating flexible and fair remedies in the law maritime, and 'Congress has largely left to this Court the responsibility for fashioning the controlling rules of admiralty law." *United States v. Reliable Transfer Co., Inc.,* 421 U.S. 397, 409, 95 S.Ct. 1708, 1715, 44 L.Ed.2d 251 (1975) (citations omitted).

5. "On application of the plaintiff [in the second action] the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supplemental Admiralty Rules, Rule F(3).

with it, can adjudicate and rule on a limited liability issue that is raised in a properly filed answer." *Vatican Shrimp Co., Inc. v. Solis,* 820 F.2d 674, 678 (5th Cir.1987). Unfortunately, the Ninth Circuit has not addressed the issue, but this Court finds that it would follow its sister circuits and adopt the sensible rule that a federal district court can hear a limitation defense even if it is sitting in diversity.

In so holding, the Court rejects the thoughtful but unpersuasive reasoning in *Hellweg v. Baja Boats, Inc.,* 818 F.Supp. 1022 (E.D.Mich.1992). First, the *Hellweg* Court distinguished *Murray* by arguing that it was "bound by the Sixth Circuit, not the Second." *Id.* at 1024. Moreover, the Sixth Circuit case it relied upon, *Cincinnati Gas & Electric Co. v. Abel,* 533 F.2d 1001, 1003 (6th Cir.1976), only decided the issue of whether a state court had jurisdiction over a § 183 defense. Because this Court: (1) is not bound by the Sixth Circuit, (2) finds the Sixth Circuit case distinguishable, and (3) finds that the effect of the *Hellweg* rule to be illogical [6], it declines the Plaintiffs' invitation to follow it.

Accordingly, the Court finds that it has jurisdiction to adjudicate the limitation defense although the Court technically sits in diversity. The Court, however, will require the Defendants to post a bond equal to the value of the vessel before the Court will consider the limitation defense. This safeguard will eliminate the procedural advantages Defendants would have enjoyed from asserting a § 183 defense as opposed to a § 185 claim. At the hearing, moreover, Plaintiffs conceded that if Defendants had to post a bond, they would suffer no prejudice from the Court's decision to hear the limitation defense.

### CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion for a partial judg-

ment on the pleadings finding that the Court has jurisdiction to decide Defendants' 46 U.S.C.App. § 183 defense.

IT IS SO ORDERED.

---

**6.** The *Hellweg* Court specifically relied on Moore's Federal Practice in reaching its result. 818 F.Supp. at 1026. Although the treatise conceded that "there is authority that would seem to indicate that the limitation defense can be asserted in response to a non-maritime civil action commenced in a federal district court," it rejected that authority because jurisdiction would depend on the "fortuitous" choice of where the plaintiff brought the suit. 7A Jeremy C. Moore, Moore's Federal Practice ¶ F.03, F–48. Although the Court recognizes the fortuity involved in its rule, the Court finds such fortuity more tolerable than the nonsense engendered by the rule that a federal court does not have jurisdiction over an admiralty claim.